Bernard F. McCaferey, J.
The threshold question involved here is one of jurisdiction. That is, do the provisions of CPLR 7003 (subd. [a]) require dismissal of a writ of habeas corpus brought by a natural mother in the Supreme Court of the State of New York to regain custody of her children where there is a pending stay issued by the United States District Court for the Southern District restraining the Commissioner of the Department of Social Services from removing the children from *465 the foster parents’ home. Further, is dismissal of the writ mandated even though the petitioner herein, the natural parent, is not now, nor was she ever made a party to the class action now pending before a three-Judge Federal panel convened to determine the constitutionality of a New York State statute involving the due process rights of foster parents in a class action.
The writ of habeas corpus currently before this court was instituted by Patricia A. Wallace, the natural mother, in order to obtain the return of four of her children currently living with the respondents, George and Dorothy Lhotan, as foster children. They were placed in the Lhotan home by the respondent, Department of Social Services of the County of Nassau. The children were voluntarily relinquished by the petitioner for placement in foster homes approximately four years ago. Of the four Wallace children presently living with the Lhotans, two have been living there for approximately four years and two for approximately two years.
The issue here emanates from a situation in which the Lhotans were notified on June 26, 1974 of the decision by the Department of Social Services of the County of Nassau to remove the Wallace children from their foster care, and apparently at this point of time the Lhotans joined in the class action noted above. This class action was filed on May 9, 1974, and seeks to redress the alleged denial of due process and equal protection of law under the United States Constitution to foster children and foster parents in New York State living together for more than one year. It is their contention that the social services departments have acted arbitrarily in terminating the relationship between a foster parent and foster children without a prior hearing.
The Lhotans and the Wallace girls joined the class action by motion, which was granted in an order signed by Judge Robert L. Carter of the Federal District Court for the Southern District of New York on August 15, 1974.
Apparently the joinder of the infants took place without any prior consultation or consent by the natural mother, and it is not clear who, if anyone, was appointed as guardian to act on their behalf. At this time, Joseph D ’Elia, the Commissioner of the Department of Social Services of the County of Nassau, was joined as a party defendant. However, the natural mother, Patricia A. Wallace, the petitioner herein, was not joined.
The order of Judge Carter granted the respondent’s motion for the convening of a three-Judge panel and Judge Carter found that: “ irreparable injury will result to Cheryl, Patricia, *466 Cynthia and Cathleen Wallace through the disruption in their lives caused by their removal from the home of Dorothy and George Lhotan, and in order to maintain the status quo with regard to these children and their foster parents * * *
Ordered that defendant, Joseph D’Elia be restrained, pursuant to 28 U. S. C. § 2284 (3) from removing Cheryl, Patricia, Cynthia and Cathleen Wallace from the home of Dorothy and George Lhotan, or in any way interfering with or interrupting their stay with these foster parents pending a hearing before the three-judge panel and a determination of plaintiffs’ motion for a preliminary injunction ’ ’.
For purposes of attempting to avoid unnecessary Federal-State judicial jurisdictional conflict, the court at the time of the argument of the instant motion inquired to no avail of respondent’s counsel as to why the natural mother was not made a party defendant in the class action. Also, the court was advised by the counsel for Mrs. Wallace that at this time she declined to join the Federal class action choosing to have the matter of custody resolved by this court.
The respondents in support of their motion to dismiss the writ of habeas corpus contend that the petition failed to mention the temporary restraining order signed by Judge Carter, which ¡gives the Federal court exclusive jurisdiction over the custody of the four Wallace children who are the subject of the writ. The contention is that according to CPLR 7003 (subd. [a]): “If it appears from the petition or the documents
annexed thereto that the person is not illegally detained or that a court or judge of the United States has exclusive jurisdiction to order him released, the petition shall be denied.”
Thus, it is contended that had this court been aware of the temporary restraining order it would have denied the writ, and since it wasn’t informed, the court should now dismiss the writ.
This court is well aware of CPLR 7003 (subd. [a]) and its basis in such cases as: Ableman v. Booth (62 U. S. 506) and Tarble’s Case (80 U. S. 899). These United States Supreme Court cases establish the precedent based on the constitutional mandate of the superiority of the Federal courts and Federal officers to those of the States where the Federal court takes exclusive jurisdiction of a matter. The statute in question then codifies the cases and the precedents established therein.
However, in order for the State court to be precluded from taking action in a writ of habeas corpus the issue of the custody of the subjects of the writ must be before the Federal court. The issue in the class action in front of the Federal court is *467 the question of the constitutionality of State laws and regulations governing the removal of children from the care of foster parents in New York State. In the Federal action, in order to preserve the status quo as between the parties, Judge Carter signed a restraining order preventing any of the parties from changing the status of the children. In the instant action the issue is one of custody, brought before this court by the natural mother (not a party to the Federal court action) seeking the return of her children that she voluntarily placed in the custody of the Department of Social Services for temporary placement and not for adoption. The court is of the opinion that these are two separate and distinct issues and thus fails to preclude a State court action.
Furthermore, though it is neither the prerogative nor intention of this court to state how the Federal court would have ruled as to the stay in the event that the natural mother was named as a party in the Federal action vigorously seeking the return of the custody of her children, nor is it necessary for this court to make any such determination. However, suffice it to say that this court could readily see the disruptive effect on the children’s lives by the Commissioner of Social Services during the pendency of the Federal court action, removing them from a foster home where they resided over a period of time and placing them in another foster home who are strangers to them. However, it doesn’t follow that in spite of what might appear to be a preference of some of the children to remain with the Lhotans that irreparable injury will result to the children by their removal from the foster parents and return of the children to the custody of the natural mother; provided, of course, that a determination to this effect were to be made by a Justice of the New York State Supreme Court following a full custody hearing. Also, the Justice presiding will have available competent and experienced professionals for investigative and psychological examinations of all necessary parties, their residences, employment, and all such other relevant information for purposes of assisting the court in making a custody determination that serves the best interests of the children as wards of the court.
The court notes that there is a long history of cases in which the Federal courts have consistently rejected Federal jurisdiction over cases where, as in this custody proceeding pending before the State court, there is no constitutional question involved as distinguished from the class action pending in the Federal court involving the constitutionality of a statute involv *468 ing disputes in the domestic relations area. The holdings have consistently stated the principle that domestic relations should be left for the States.
In Matter of Burrus (136 U. S. 586) the Supreme Court was asked to exercise its original jurisdiction for a writ of habeas corpus and to determine whether the Federal courts possessed the power to issue writs of habeas corpus to recover the custody of infants. The Supreme Court rejected the jurisdiction of the Federal courts over child custody, and said that this was a question which belongs to the law of the States.
The holding of Matter of Burrus has been followed numerous times when attempts have been made to embroil the Federal courts in a child custody issue. Recently in Boone v. Wyman (295 F. Supp. 1143) the Federal court rejected jurisdiction where the father of a child born out-of-wédlock sought custody of the child and to have the provisions of the Social Services Law as to voluntary temporary placement in foster care declared unconstitutional, saying there was adequate remedy in the State court, which was the proper court to litigate custody issues.
Thus, it would appear that the Federal courts would not seek to exercise jurisdiction over custody proceedings, nor does it appear that, in fact, there is any issue of custody in the class action pending before the Federal court, rather the issue relates to the constitutionality of a statute. However, the court notes that, if the Federal court did take jurisdiction over the matter of this custody question now before this court in the class action presently before it, then the only proper method to challenge such a determination would be before the Federal and not the State court. It is noted that the foster parents have made no attempt to seek custody. The question of custody is before this court, where it properly belongs.
The court has given every consideration to the alternative relief sought herein staying this custody proceeding pending the determination of the class action now pending before the three-judge panel. It is well-established judicial policy that courts should strive to avoid conflicting determinations or competing jurisdiction. Thus, having determined that in this instance the provisions of CPLR 7003 (subd. [a]) do not mandate dismissal of petitioner’s writ of habeas corpus, the question remaining is whether as a matter of comity and justice this court should stay the pending custody proceeding.
The court notes that one of the main factors in determining comity, in this instance, is the particular expertise and suit *469 ability of the court to handle the custody proceeding. As previously noted it is the State court, and not the Federal court, that has the long-established practice and procedures for hearing custody matters and, where necessary, utilizing the professional investigative and psychological facilities available to the court on a regularly established basis. Also, the court takes cognizance of the nature of the class action pending before the Federal court, which, especially to the countless numbers of foster parents that constitute the class action, involves an important and emotional issue. However, the very nature and the complexities of the issues involved, along the probabilities of appeals, regardless of the determination, would indicate the likelihood of an extended period of time prior to a final determination. In any event the final determination of the class action in the Federal court would not be determinative of the custody issue pending before this court. The Federal court action relates to a determination of the due process rights of foster parents and their right to a hearing before the Social Services Department can remove a child from a foster home and place them in another foster home or other social service facility. Thus, in no respect will the Federal court action determine the fitness of the natural mother to resume custody of her children. The custody determination should be made by the State Supreme Court where both statute and reason have placed jurisdiction.
Further, proper consideration must be given to the rights of the petitioner and the most important factor of all is a determination as to the best interests of the Wallace children. This latter factor takes on even added importance as to the discretionary determination of comity for one of the cardinal obligations of the court is that infants are wards of this court. Therefore, it is the responsibility of this court to assure that a just and expeditious determination be made of the custody issue proceeding instituted before this court by their natural mother, overshadowing comity.
Furthermore, to dismiss or stay the hearing on this writ of habeas corpus at this time would have the effect of unduly prejudicing the rights of the natural mother. The rights of the natural parent are paramount in such foster care cases and these rights must be protected (Matter of Spence-Chapin Adoption Serv. v. Polk, 29 N Y 2d 196; Matter of Jewish Child Care Assn. of N. Y. [Sanders], 5 N Y 2d 222). The nature of this litigation in the Federal court is such that considering possible appeals a final determination will not be forthcoming until some time in *470 the future. Therefore, it is the court’s determination, in the interests of ¡justice and in the interests of the parties,, particularly in the best interests of the- children, a.custody.hearing, should be held .by the court in this matter at this time.
Therefore, the motion by the respondents, George and Dorothy Lhotan, for an order dismissing the petition and supplementary petition of Patricia A. Wallace and the. writ of habeas corpus signed by a Justice of- this court on. August-27,1974, is denied. .
The motionjseeking ihe alternative relief of an order staying this special proceeding pending the determination of Organization of Foster Families for Equality and Reform, v. Dumpson, a class action currently pending before a three-Judge panel in. the United States District Court for the- Southern District' of; New York, is also denied.